

**IT IS ORDERED as set forth below:**

Date: November 21, 2013

_____

C. Ray Mullins
U.S. Bankruptcy Court Judge

_____

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In Re:<br>Anthony Bertrand Murray,<br>                                      Debtor. | Chapter 13<br><br>Case No. 12-72176-CRM |
| Selene Finance, LP, as servicer for, US Bank Trust, National Association, not in its individual capacity but solely as Trustee for SRMOF REO 2011-1 Trust,<br>                                      Movant,<br>V.<br>Anthony Bertrand Murray, Debtor, and Nancy J. Whaley, 13 Trustee, Trustee,<br>                                      Respondents. | Contested Matter |

### ORDER DENYING MOTION FOR RELIEF

The above-styled Motion was scheduled for hearing on September 17, 2013, and a Notice of Assignment of Hearing was served upon each of the above-captioned parties in interest;

IT IS HEREBY ORDERED AS FOLLOWS:

1.

Movant's Motion is denied, subject to the following conditions:

2.

The amount of post-petition arrearage owed by Respondent as of September 17, 2013 is $7,904.80. The post-petition arrearage through September 17, 2013, totals $7,904.80, consisting of the monthly payments of April 1, 2013 through September 1, 2013 payments at $1,179.80 each, attorney fees and costs in the amount of $826.00, and it shall be paid as follows:

Respondent shall pay to Selene Finance, LP, as servicer for, US Bank Trust, National Association, not in its individual capacity but solely as Trustee for SRMOF REO 2011-1 Trust, its successors or assigns at the offices of Movant's counsel (2872 Woodcock Blvd., Suite 100, Atlanta, GA 30341-3941) $7,077.60 instanter, and the balance of said post-petition arrearage ($827.20) shall be paid as follows:

A supplemental proof of claim shall be filed to include post-petition attorney's fees and costs in the amount of $826.00, $50.00 for the preparation and filing of the Supplemental POC and balance of Post Petition Arrearage in the amount of $1.20 for the total amount of $877.20, which shall be paid as a secured claim under the plan.

Debtor shall pay directly to Movant, one payments per month, amounting to $1,179.80 per month, with $1,179.80 being paid on the first (1st) day of each month to be applied to the regular monthly mortgage payment. In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount in addition to the arrearage payment. Debtor's regular monthly mortgage payments shall resume October 1, 2013.

3.

There is little or no equity in the subject property. According to the Debtor's schedules, the property has a value of $167,641.78. The total debt owing to Movant at this time is approximately $114,600.00 and with Debtor's statutory exemption, real estate carrying costs, additional interest and closing costs, the estate would net little, if anything from a sale of the property.

4.

Debtor shall pay directly to Movant all future mortgage payments on time, as required by the subject Note and the Deed to Secure Debt.

5.

In the event Debtor fails to comply with the terms of this Order for a period of six (6) months from the first payment owed under the terms of this Order, Movant shall advise Debtor and Debtor's attorney in writing, and if such noncompliance is not cured within ten (10) calendar days of receipt of said notice in certified funds, then Movant shall be entitled to submit to this Court, with service upon Debtor and Debtor's counsel, a Motion and affidavit reciting such default, attaching a copy of the written notice, together with a proposed order modifying the stay, and thereupon the Court may issue an Order Lifting Stay without further notice or hearing.

Any proceeds realized from said foreclosure sale, which are in excess of those amounts owed to Movant under the terms of the subject Note and Security Deed, shall be remitted to the Chapter 13 Trustee.

**As part of this Consent Order, Movant has advised Debtor, Debtor's counsel, and the Chapter 13 Trustee that, in the event Debtor fails to comply with the terms of this Order, Movant intends to request in its Default Motion that the provisions of Fed. R.**

Bankr.P. 3002.1 will not apply to Movant upon the entry of an Order Lifting the Automatic Stay. The Court has made no determination as to the applicability of Fed. R. Bankr. P. 3002.1 should an Order Lifting the Automatic Stay be entered in the future.

### END OF DOCUMENT

Prepared by:                                    Read and Approved by:

_____/s/_____                           _____/s/_____ *(with express permission)*
Aimee Pulley                                    R. Jeffrey Field
Georgia Bar No. 550159                          Georgia Bar No. 259670
Attorney for Movant                             Attorney for Respondent
2872 Woodcock Blvd.
Suite 100
Atlanta, GA 30341-3941
(770) 220-2535


No Opposition

_____/s/_____ *(with express permission)*
Maria Kirtland, Staff Attorney
Chapter 13 Trustee
Georgia Bar No. 118350

Pursuant to Bankruptcy Local Rule 9013-2(b), this Order is to be served on the following interested parties:

    ANTHONY BERTRAND MURRAY
    1785 Cutters Mill Way
    Lithonia, GA 30058

    R. JEFFREY FIELD
    R. Jeffrey Field & Associates
    342 N. Clarendon Avenue
    Scottdale, GA 30079

    NANCY J. WHALEY, 13 TRUSTEE
    303 Peachtree Center Avenue
    Atlanta, GA 30303

    Shapiro, Swertfeger & Hasty, LLP
    2872 Woodcock Boulevard, Suite 100
    Atlanta, GA 30341